BROWN, Judge,
dissenting.
[17] I respectfully dissent from the majority opinion that the trial court properly denied Beville’s motion to compel the State to provide a copy of the video recording of the alleged controlled drug transaction.
[18] In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Court discussed the government’s privilege in withholding the disclosure of a confidential informant. The Court held:
*1286 A ... limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer’s identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.
353 U.S. at 60-61, 77 S.Ct. at 628 (footnotes omitted). The Court further held:
We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual’s right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer’s testimony, and other relevant factors.
Id. at 62, 77 S.Ct. at 628-629.
[19] The majority finds, as argued by the State, that “after watching the video [Beville] will learn the identity of the Cl.” Op. at 1285. However, other than the State’s mere assertion, the record does not support such a conclusion. The record does not reveal that the trial court examined the video and made such a finding, and the record on appeal does not contain a copy of the video.
[20] Beville’s motion to compel requested that the State comply with the discovery request that includes “any video of alleged hand to hand buy with the confidential informant.” Appellant’s Appendix at 38. His request to obtain copies of audio and video alleged that the State indicated that video and/or audio of a hand to hand buy with the Cl exists and that it intends to use the video and/or audio at a jury trial. Appellant’s Appendix at 41. The Cl was apparently a participant in the alleged controlled buy, and I could not say that the Cl played merely a tangential role, or that the video of the buy is not highly material. Further, I would not find that the opportunity for Beville’s counsel to review the video recording is a sufficient substitute for an opportunity for Beville to examine the recording and assist in the preparation of his defense.
[21] Local Rule 6(G)(1) states that “[t]he Court may deny disclosure upon showing that ... [t]here is a paramount interest in non-disclosure of an informant[’]s identity and a failure to disclose will not infringe the Constitutional rights of the accused.” Appellant’s Appendix at 14. In its objection, the State asserted generally that the disclosure “would only serve to make the Cl the target for reprisal from those upset by the investigation.” Id. at 48. However, the State does not point to specific facts or the record in support of its assertion, and there is no allegation that Beville or his associates are violent. The State does not assert that any police officer, witnessed the alleged buy, that others will testify as to the alleged buy, or that the Cl was not the sole material witness. Under the circumstances, I cannot say that there is a paramount interest in non-disclosure of the Cl’s identity and that a failure to disclose will not infringe the Constitutional rights of the accused. See Roviaro, 353 U.S. at 63-65, 77 S.Ct. at 629-630 (observing that the informant’s possible testimony was highly relevant and might have been helpful to the defense, the defendant’s opportunity to cross-examine the law enforcement agents was “hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction,” the informant had helped to set up the criminal occurrence and had
*1287 1287
played a prominent part in it, and concluding that “[t]he desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide,” and concluding that trial court committed prejudicial error in permitting the government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure); see also Commonwealth v. Dias, 451 Mass. 463, 470, 886 N.E.2d 713, 719 (2008) (holding that a pretrial disclosure order of an informant’s identity was necessary for a fair presentation of the case at trial because the informant’s information and observations were relevant and helpful to the defense); Wilson v. State, 8 Md.App. 653, 669, 262 A.2d 91, 100 (1970) (holding that an informant’s testimony “might have thrown doubt in the identity of the articles exchanged between him” and the defendant, “[t]he desirability of calling the [informant] as a witness, or at least interviewing him in preparation for trial, was a matter for [the defendant] rather than the State to decide,” and that, under the circumstances, “the privilege of nondisclosure must yield and that the trial court abused its discretion in refusing to compel disclosure demanded by [the defendant]”), cert. denied, 258 Md. 731 (1970).
[22] For the foregoing reasons, I would reverse the trial court’s denial of Beville’s motion to compel.
Order
[1] Appellant, by counsel, filed a Motion to Publish Memorandum Decision.
[2] Having reviewed the matter, the Court finds and orders as follows:
1. The Appellant’s Motion to Publish Memorandum Decision is granted.
2. This Court’s opinion heretofore handed down in this cause on March 29, 2016, marked Memorandum Decision, is now ordered published.
3.The Clerk of this Court is directed to send copies of said opinion together with copies of this order to the West Publishing Company and to all other services to which published opinions are normally sent.
[3] Ordered.
[4] KIRSCH, MATHIAS, BROWN, JJ., concur.